UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**David J. Widi, Jr.**

    **v.**                                                                           Civil No. 14-cv-160-SM

**Federal Bureau of Prisons et al.**[1]


**REPORT AND RECOMMENDATION**

Plaintiff David Widi's complaint in this removal action (doc. no. 2, at pp. 2-43) is before this court for preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).  See Crooker v. Burns, 544 F. Supp. 2d 59, 67 (D. Mass. 2008) (complaints in removal actions are subject to review under 28 U.S.C. § 1915A).


**Preliminary Review Standard**

In determining whether a pro se pleading states a claim,

---

[1]Defendants named in this action are the Federal Bureau of Prisons; United States Probation and Pretrial Services; Probation Officer Scott Hastings; Federal Correctional Institution ("FCI") Ray Brook Warden Donald Hudson; FCI Ray Brook Case Management Coordinator Gaunyea, whose first name is unknown ("FNU"); FCI Ray Brook Unit Manager David Salamy; FCI Ray Brook Case Managers FNU Glue and Y. Matteau; FCI Berlin Warden Esker Tatum; FCI Berlin Case Management Coordinator Dan Sullivan; FCI Berlin Unit Manager Wanda Mullins; and FCI Berlin Correctional Counselors L. Hogan and FNU Langley.

for the purposes of this court's preliminary review of prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Widi is currently incarcerated at the Federal Correctional Institution ("FCI") in Berlin, New Hampshire.  Widi's medium security classification at FCI Berlin is based on what Widi alleges is an improperly elevated criminal history score.  Widi asserts that his present score exceeds that which appears in the Presentence Report ("PSR") prepared by Probation Officer Scott Hastings, which the trial court used in sentencing Widi.

Widi was previously an inmate at FCI Ray Brook in New York.  Widi alleges that on January 8, 2014, FCI Ray Brook defendants Salamy, Glue, and Matteau, knowing that Widi had filed

administrative grievances against unspecified FCI Ray Brook staff, together agreed to raise Widi's criminal history score to a level IV in a manner Widi asserts was contrary to BOP policies, falsely assigned Widi an extra custody point for abusing drugs or alcohol in the last five years, and arranged for Widi's transfer to FCI Berlin, a medium security facility allegedly known for "deplorable" conditions.  Widi asserts that, but for the improper elevation of his criminal history score, he would have been eligible for a transfer to a minimum security facility on January 8, 2014.  Widi complained to each of the FCI Ray Brook defendants, including supervisory defendants Hudson and Gaunyea, and each of them told Widi, on January 9, 2014, that if Widi had not filed administrative grievances while at FCI Ray Brook, he would not be going to a medium security facility.

   Widi further alleges that after his transfer to FCI Berlin, FCI Berlin defendants Langley and Hogan, citing FCI Berlin warden Tatum's policy, refused Widi's requests for certain forms necessary to pursue grievances.  Widi asserts that he complained, by way of an electronic communication to Tatum, that he had been improperly denied certain grievance forms, and that

3

his transfer to FCI Berlin and medium security classification were not proper.  The warden, in response, stated that appropriate departments would review Widi's concerns.  Thereafter, FCI Berlin Case Manager Bradley corrected Widi's drug/alcohol abuse point score, but declined to alter the criminal history score, deferring to defendant Mullens on that issue.

Widi asserts that he met several times with defendant Mullens and provided her with documents to substantiate his claims regarding his criminal history score, but that Mullens refused to reduce Widi's score because she believed that the PSR criminal history score was incorrect.  Widi further alleges that Mullens and Tatum each specifically told Widi that he would have been at a low security facility if he had not filed complaints concerning prison staff members through the administrative remedy process at FCI Ray Brook and FCI Berlin.  See Doc. No. 1-1, at 18-20.  Widi asserts that Case Management Coordinator Sullivan similarly stated that no change to Widi's criminal history score would be effected due to Widi's filing of administrative grievances.

Widi further alleges that at some point prior to February

6, 2014, Mullens contacted Hastings regarding Widi, and that Hastings agreed with Mullens that the PSR was incorrect. Widi asserts that Hastings never responded to a letter from Widi complaining about his issues with his criminal history score.

Widi asserts the following claims for damages and/or injunctive relief:

> 1. Defendant U.S. Probation and Pretrial Services System ("Probation") willfully and intentionally generated inaccurate records relating to Widi by agreeing with BOP staff that the PSR was inaccurate, resulting in an adverse effect upon Widi, in violation of 5 U.S.C. § 552a(g)(1)(C) and rendering Probation liable to Widi under 5 U.S.C. § 552a(g)(4).
>
> 2. Defendant BOP willfully and intentionally generated inaccurate records used to calculate Widi's custody score, which denied Widi rights, opportunities, benefits, and/or privileges associated with minimum security classification, in violation of 5 U.S.C. § 552a(g)(1)(C), rendering BOP liable to Widi under 5 U.S.C. § 552a(g)(4).
>
> 3. FCI Ray Brook defendants Glue, Matteau, Salamy, Gaunyea, and Hudson violated Widi's rights under the First Amendment by (a) miscalculating Widi's custody score to keep him at a medium security level, and (b) effecting Widi's transfer to FCI Berlin, in retaliation for Widi's filing of administrative grievances at FCI Ray Brook.
>
> 4. FCI Berlin defendant Mullens violated Widi's rights under the First Amendment by refusing to correct Widi's custody level calculation, in order to keep Widi classified as a medium security inmate, in retaliation for Widi's filing of administrative grievances.
>
> 5. FCI Berlin supervisors Tatum and Sullivan

violated Widi's rights under the First Amendment, in that they were aware of the unconstitutional retaliatory actions taken by Mullens and approved and authorized those actions, because they intended to retaliate against Widi for filing administrative grievances.

      6.   Defendant Probation Officer Hastings violated Widi's rights under the First Amendment, in that Hastings knowingly agreed with and authorized Mullens's incorrect assessment of Widi's criminal history score, to retaliate against Widi for filing administrative grievances.

      7.   FCI Berlin defendants Hogan and Langley violated Widi's rights under the First Amendment, in that they refused to provide Widi with forms necessary to pursue administrative grievances at FCI Berlin, to retaliate against Widi for using the administrative remedy process.

      8.   FCI Berlin supervisors Tatum and Mullens violated Widi's rights under the First Amendment, in that they approved and authorized Hogan's and Langley's conduct in refusing Widi the forms needed to utilize the administrative remedy process at FCI Berlin.

## Discussion

### I. Privacy Act Claims (Claims 1 and 2)

The Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies. If an agency fails to comply with those requirements "in such a way as to have an adverse effect on an individual," the Act authorizes the individual to bring a civil action against the agency. For violations found to be "intentional or willful," the United States is liable for "actual damages."

F.A.A. v. Cooper, 132 S. Ct. 1441, 1446, 182 L. Ed. 2d 497

(2012) (citations omitted).

A.  Probation (Claim 1)

Widi asserts in Claim 1 above that Probation is liable for maintaining inaccurate records, which BOP used (a) to assign an improperly elevated criminal history score to him, and (b) to classify him as a medium security inmate.  The Privacy Act imposes duties only on "Executive Branch agencies," see id., however, and as Probation is a unit of the federal courts, it is not properly named as a defendant to a Privacy Act claim.  See Ramirez v. Dep't of Justice, 594 F. Supp. 2d 58, 62 (D.D.C. 2009), aff'd, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010).  Accordingly, Claim 1 above should be dismissed, and the Probation should be dropped from this action.

B.  BOP (Claim 2)

Widi has alleged in Claim 2, above, that BOP is liable for wilfully and intentionally using inaccurate records to classify him as a medium security inmate, adversely affecting him by denying him the privileges and benefits associated with a minimum security classification.  That claim, however, is not viable, as the BOP has exercised its authority under the Privacy Act, 5 U.S.C. § 552a(j)(2), to exempt from the Act's civil enforcement provisions "several systems of records the agency

7

keeps," including the Inmate Central Records System, under 28 C.F.R. 16.97(j). Pagani-Gallego v. Sabol, No. CIVA 07-40016-PBS, 2008 WL 886032, at *6 (D. Mass. Mar. 27, 2008). The complaint indicates that the Inmate Central Records System contains the records at issue in this case. Therefore, Widi has "no cause of action under [the Privacy Act] for money damages or injunctive relief" relating to BOP's alleged wilful and intentional use of allegedly inaccurate records in classifying Widi as a medium security inmate. Id., 2008 WL 886032, at *6 (dismissing similar claim) (citing Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); Scaff-Martinez v. Bureau of Prisons, 160 F. App'x. 955, 956-57 (11th Cir. 2005) (per curiam); Collins v. Bureau of Prisons, No. 5:06cv129, 2007 WL 2433967, at *3 (S.D. Miss. Aug. 2, 2007)). Therefore, Claim 2, above, should be dismissed, and BOP should be dropped from this action.

**II.   Retaliation (Claims 3-8)**

    A.   Elements

To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First

Amendment; (2) that he suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  De minimis reactions to protected speech are not actionable.  See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006).  An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising First Amendment rights.  See id.

    B.   FCI Ray Brook Defendants (Claim 3)

In Claim 3, Widi alleges that FCI Ray Brook defendants improperly classified him as a medium security inmate, and transferred him to FCI Berlin, when he would otherwise have been eligible for a transfer to a minimum security facility, in retaliation for Widi's filing of grievances at FCI Ray Brook. Widi's allegations appear sufficient to warrant service upon the FCI Ray Brook defendants, and for that reason, the court, on this date, has directed service of Claim 3 upon defendants Hudson, Gaunyea, Salamy, Glue, and Matteau.  The court's order directing service upon those defendants does not bar defendants

9

from asserting any available defense or other response to Claim 3, including an argument that this claim should be dismissed, or transferred, because this court lacks personal jurisdiction over the FCI Ray Brook defendants.

    C.    <u>Mullens, Sullivan, and Tatum (Claims 4 and 5)</u>

Widi has further alleged that defendants Mullens, Sullivan, and Tatum did not properly recalculate Widi's criminal history score, thereby depriving Widi of an opportunity to be transferred to a minimum security facility, in order to retaliate against Widi for filing administrative grievances. The facts alleged in the complaint are sufficient, at this stage of the case, to warrant service of Claims 4 and 5 against those FCI Berlin defendants, and, accordingly, the court has directed service of the complaint upon Mullens, Sullivan, and Tatum.

    D.    <u>Hastings (Claim 6)</u>

Widi has alleged that Probation Officer Hastings' acquiescence in and approval of Mullens' recalculation of Widi's criminal history score was a conspiratorial and retaliatory act taken against Widi for exercising his First Amendment rights. The allegations underlying those claims, however, when stripped of legal conclusions, lack specific factual allegations

10

sufficient to show that Hastings took any retaliatory adverse action against Widi. Because Widi has failed to plead facts showing the requisite causal connection, the claim against Hastings, identified as Claim 6 above, should be dismissed, and Hastings should be dropped from this action.

    E.    <u>Grievance Forms (Claims 7 and 8)</u>

As to Claim 7, Widi has failed to show more than de minimis retaliatory conduct. Widi alleges that prison officers retaliated against him for filing grievances by denying him access to certain grievance forms. Widi has pleaded facts, however, showing that he was able to raise concerns through the prison system about the grievance process, his transfer, and his custody score. Widi obtained some relief from prison officials, in that prison officials rectified the erroneous inclusion of an extra point for drug/alcohol abuse in Widi's custody score. This court concludes that no inmate of ordinary firmness, in Widi's circumstances, would be deterred from filing grievances for fear that requisite grievance forms would not be tendered in the future upon request. See <u>Green v. Snyder</u>, 525 F. App'x 726, 730 (10th Cir. 2013). Accordingly, the district judge should dismiss Claim 7 for failure to state a plausible claim for

11

relief.  Claim 8 should also be dismissed, as there can be no supervisory liability for subordinates' conduct that does not violate the federal constitution.

## Conclusion

For the foregoing reasons, the district judge should dismiss Widi's Privacy Act claims (Claims 1 and 2, above), Widi's First Amendment retaliation claim against defendant Hastings (Claim 6 above), and First Amendment retaliation and supervisory liability claims against Hogan, Langley, Mullens, and Tatum, arising out of the refusal to provide Widi with grievance forms (Claims 7 and 8 above).

The district judge should further order that defendants Federal Bureau of Prisons, the United States Probation and Pretrial Services, L. Hogan, FNU Langley, and Scott Hastings be dropped from this case.  In a separate order issued this date, the court has directed service of the complaint upon the remaining defendants, with respect to Claims 3-5, numbered above.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                    */s/ Andrea K. Johnstone*
                                                    Andrea K. Johnstone
                                                    United States Magistrate Judge

June 24, 2014

cc: David J. Widi, Jr.
    T. David Plourde, Esq.