**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


David J. Widi, Jr.

    v.                                              Civil No. 14-cv-160-SM

Federal Bureau of Prisons et al.[1]


## REPORT AND RECOMMENDATION

    Plaintiff David Widi's "Second Amended Complaint" (doc. no. 105) is before the court and subject to preliminary review,

---

[1]The defendants listed in the Second Amended Complaint (doc. no. 105) are the United States; the Federal Bureau of Prisons ("BOP"); BOP Northeast Regional Director J.L. Norwood; BOP Northeast Regional Clinical Director McDaniel Holloway; former Federal Correctional Institution ("FCI") Ray Brook Warden Donald Hudson; FCI Ray Brook Unit Manager David Salamy; FCI Ray Brook Case Managers Jeffrey Gluc and Yancey Matteau; FCI Ray Brook Case Management Coordinator Michelle Gonyea; and the following current or former FCI Berlin employees: Warden Esker Tatum; Assoc. Wardens B. Birkholtz and FNU (first name unknown) McGurn; Capt. A. Galletta; Lts. A. Curren, John Domitrovich, N. Hayden, J. Hess, and Derek Myers; Case Mgt. Coordinator Dan Sullivan; Case Manager FNU LaBrenz; Unit Manager Wanda Mullins; Health Servs. Administrator Lirissia McCoy; Kanz Booz Lewis, P.A.; Kathy Bilodeau, R.N., Kristen Croteau, Christine Larin, R.N., and Brad Malcolm, R.N.; and Corrections Officers Mark Argir, Jerrod Grimes, Brian Smith, Jason Kelsey, Shawn Felix, Scott Tawes, Richard Smith, M. Dzubak, Andre Bouchard, Patrick Deveney, Emily Crimaldi, Charles Hubbard, Christopher Tobias, Derek Waughan, Ryan Donahue, Stephen McConnell, W. Knight, Christopher Thiel, Joshua Hulume, FNU Kuznecow, Richard Cone, Shane Smith, Travis Taylor, Wesley Shea, Angelo Giamusso, Kevin Ramsay, Jared Wydra, S. Bruce, FNU Tempke, N. Flynn, T. Folnsbee, M. Lock, J. Purselley III, B. Beegle, J. Buescher, E. Hernandez, S. Paritsky, FNU Napier, R. Brown, FNU Early, FNU Hawes, B. Cooper, J. Lee, J. Chappell, E. Quinones, J. Gambone, and nine other FCI Berlin corrections officers, identified as "Does 1-9."

pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).  Pursuant to 28 U.S.C. § 1915A(b), the court may dismiss claims asserted in an inmate's pleading if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  The standard applied in determining if the pleading states a claim is in the June 24, 2014, Report and Recommendation ("R&R") (doc. no. 4), approved on July 23, 2014.  See Order (doc. no. 9).

## Background

Widi is a federal prisoner who was previously incarcerated at the Federal Correctional Institution ("FCI") in Berlin, New Hampshire, and at FCI Ray Brook in New York.  Widi filed this action in the New Hampshire Superior Court in Coös County in early February 2014, and the federal defendants removed the case to this court in April 2014.  In a June 24, 2014, R&R (doc. no. 4), this magistrate judge recommended, among other things, that the district judge dismiss all claims asserted in the original complaint, except certain First Amendment retaliation claims asserted against individual federal employees under Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 388 (1971).  The district judge approved that R&R.  See July 23, 2014, Order

(doc. no. 9).

Plaintiff filed the (first) Amended Complaint, adding new claims under <u>Bivens</u> and the Federal Tort Claims Act ("FTCA"), on October 9, 2014. Defendants filed motions to dismiss certain claims in that pleading. <u>See</u> Mots. Dismiss (doc. nos. 68, 70, 81). This court denied each of those motions, without prejudice, without ruling on their merits, after plaintiff, in lieu of objecting, filed the Second Amended Complaint (doc. no. 105). <u>See</u> Nov. 20, 2015, Order (doc. no. 106).

## **Claims**

The court uses a numbering system for the claims in the Second Amended Complaint ("SAC"), tracking Widi's claim numbers in that pleading, and uses letters and Roman numerals in this R&R to identify subparts of those claims. The claims asserted in the SAC are summarized below:

1.  Defendants engaged in adverse acts against Widi in retaliation for Widi's speech or conduct, protected under the First and Fourteenth Amendments, giving rise to their liability under (A) <u>Bivens</u>; (B) the FTCA; (C) state common law; and (D) 42 U.S.C. § 1983, in that:

   i.   In retaliation for Widi's filing grievances at FCI Ray Brook, FCI Ray Brook defendants Gluc, Matteau, Salamy, Gonyea, and Hudson, in January 2014:

      a.   miscalculated Widi's custody score to keep him at a medium security level, and

3

       b.   effected Widi's transfer to FCI Berlin;

ii.  In retaliation for Widi's filing grievances at FCI Ray Brook, FCI Berlin defendant Mullens refused to correct Widi's custody level calculation, in order to keep Widi classified as a medium security inmate;

iii. In retaliation for Widi's filing of grievances at FCI Ray Brook, FCI Berlin supervisors Tatum and Sullivan approved and authorized Mullens's actions, knowing that her actions were unconstitutional;

iv.  In retaliation for Widi's filing of grievances at FCI Berlin, FCI Berlin defendant Mullens refused to correct Widi's custody level calculation, in order to keep Widi classified as a medium security inmate;

v.  In retaliation for Widi's filing of grievances at FCI Berlin, FCI Berlin supervisors Tatum and Sullivan approved and authorized Mullens's actions, knowing that her actions were unconstitutional; and

vi.  In retaliation for Widi's filing of this lawsuit on February 11, 2014, Mullens assigned Widi a new job, and then did not provide him with notice of the assignment, resulting in Widi's transfer to the Special Housing Unit ("SHU") on February 13, 2014, and in disciplinary proceedings against him because of his failure to report to his new job station.

vii. Defendants Hayden and Tobias denied Widi access to legal materials, and/or threatened to do so, in that:

       a.   in retaliation for Widi's complaints to prison officials about being deprived of a mattress, Hayden took away Widi's law library printouts on April 2, 2014;

       b.   Hayden and Tobias, on April 10, 2014, threatened to take away all of Widi's legal materials while Widi attended an appointment with a surgeon, to retaliate against Widi for, and to discourage him from, seeking medical attention.

viii. Defendants initiated a series of false incident
reports, to retaliate against Widi for complaining
about prison conditions to prison officials, in 2014,
specifically:

    a.   Nos. 2551906 (Feb. 22), 2552067 (Feb. 23),
    and 2552492 (Feb. 24), each of which involved a
    period of disciplinary segregation;

    b.   Nos. 2553636 (Feb. 27), 25566527 (April 2),
    2570923 (April 13), 2571464 (April 14), 2572035
    (April 15), 2572041 (April 16), and 2574751 (Apr.
    23), some of which were expunged;

    c.   Nos. 2607053, 2607186 and 2607183 (July 18);
    2607414, 2607295, and 2607416 (July 19), some of
    which were expunged;

    d.   Nos. 2619226, 22619449, 2619454, and 2619452
    (Aug. 20), some of which were expunged; and

    e.   Nos. 2621949 (Aug. 26); 2625296 (Sept. 4);
    2631302 (Sept. 21/23); 2631304 (Sept. 24);
    2633713 (Sept. 28); 2634018-20 and 2634284 (Sept.
    29); 2634291 and 2634470 (Sept. 30); and 2648672
    (Nov. 7), some of which were expunged.

ix. Defendants, with the approval of Galletta,
McGurn, Birkholtz, Tatum, and Norwood, in 2014,
subjected Widi to excessive force and misapplied
restraints:

    a.   On February 21 and February 22, in
    retaliation for Widi's refusal of a medical
    assessment;

    b.   On February 27, in retaliation for Widi's
    refusal of an assignment to a hostile cell
    environment, and refusal of a medical assessment,
    and on April 24, for Widi's refusal of an
    assignment to a hostile cell environment;

    c.   On July 18-19, in retaliation for Widi's
    refusal of an assignment to a hostile cell,
    refusal of a medical assessment, and/or his

5

complaints about prison conditions;

d.   On August 20, in retaliation for Widi's refusal of an assignment to a hostile cell, refusal of a medical assessment, and/or his complaints about prison conditions; and

e.   On September 22, in retaliation for Widi's refusal of an assignment to a hostile cell, refusal of a medical assessment, and/or his complaints about prison conditions.

x.   On September 29 and 30, 2014, defendants denied Widi his food trays to retaliate against Widi for complaining about the deprivation of his mattress.

xi.   On nine occasions in August and September 2014, defendants denied Widi one hour of recreation time to retaliate against him for exercising his federal rights.

Claims 1(A)(viii)(c)-(e), 1(A)(ix)(c)-(e), and 1(A)(x)-(xi) are new Bivens claims, not previously asserted by Widi in this lawsuit, as are all of the FTCA claims based on the allegations set forth in Claim 1 (identified herein as subpart (B) of Claim 1).  The remaining parts of Claim 1 were previously pleaded by Widi in the original complaint and/or in the First Amended Complaint.

Claims 2-6, 8-11, and 13-17 assert that defendants are liable under (A) Bivens, (B) the FTCA, (C) state common law, and (D) 42 U.S.C. § 1983 for excessive force and/or the misapplication of restraints, which Widi asserts caused him injuries.  Widi asserts that defendants used excessive force

6

against him and misapplied handcuffs or other restraints,
maliciously and sadistically, causing him harm in 2014, on
February 21 (Claim 2), February 22 (Claims 3-4), February 27
(Claims 5-6), April 24 (Claim 8), July 18-19 (Claims 9-11, 13),
August 20 (Claims 14-16), and September 22 (Claim 17).  Claims
2-6 and 8 were asserted as Bivens and FTCA claims in the First
Amended Complaint.  Claims 9-11 and 13-17, asserted as both
Bivens and FTCA claims, are asserted for the first time in the
Second Amended Complaint.

SAC Claims 7 and 12 assert claims under (A) Bivens, (B) the
FTCA, (C) state common law, and (D) 42 U.S.C. § 1983, as to
defendants' deliberate indifference to Widi's ventral hernia,
asthma, handcuff abrasions, and pain, and his unmet requests for
a mattress, pain medication, laparoscopic surgery, a prescribed
post-surgical diet, and ointment for abrasions.  The supervisory
defendants named by Widi in connection with those incidents are
alleged to be liable for failing to train and supervise their
subordinates who were involved in the incidents, and/or for
approving and authorizing their conduct.  Claim 7 was asserted
in the First Amended Complaint as a claim under both Bivens and
the FTCA.  Claim 12, relating to incidents occurring on or after
July 18, 2014, is a new claim.

Claim 18 is asserted for the first time in the SAC.  Claim

18 arises under the Freedom of Information Act ("FOIA").  Widi alleges that the Bureau of Prisons ("BOP") has not timely and adequately responded to Widi's request for certain documents relating to the matters at issue in this case.

Claim 19 asserts a new tort claim, asserted under state law.  Widi alleges that defendants Brown and Dzubak intentionally or negligently lost Widi's property, which Widi values at $756.40.  Widi further asserts that the BOP offered to settle that claim for a lesser sum, and that Widi accepted the offer, but has not yet been paid.

## Discussion

### I.   Prior Pleadings

Widi's 85-page, 500-paragraph SAC purports to incorporate by reference Widi's prior pleadings, without limitation.  LR 15.1(b) precludes parties from incorporating prior pleadings by reference in amended pleadings, except by leave of court.  The court has not granted Widi such leave.  Furthermore, the claims asserted in those prior pleadings that have not been repleaded in the SAC were previously dismissed for failure to state a claim, and the records suggests no basis for reconsidering those dismissals.  See June 24, 2014, R&R (doc. no. 4), approved by July 23, 2014, Order (doc. no. 9); see also Dec. 8, 2014, R&R

(doc. no. 31), approved by Feb. 20, 2015, Order (doc. no. 62).
Any claims Widi seeks to incorporate into the Second Amended
Complaint solely by reference should be dismissed.

## II. Section 1983 (SAC Claims 1-17, Subpart (D))

Widi asserts claims against federal agents under 42 U.S.C.
§ 1983.  This court previously declined to serve such claims, on
the ground that all defendants are federal agents, and § 1983
provides a cause of action for state actors' constitutional
violations.  Widi's § 1983 claims should be dismissed.

## III. State Law Claims (SAC Claims 1-17, Subpart (C), and 19)

The FTCA "provides the exclusive remedy to compensate for a
federal employee's tortious acts committed within his or her
scope of employment."  Roman v. Townsend, 224 F.3d 24, 27 (1st
Cir. 2000); see also 28 U.S.C. § 2679(b)(1).  State law tort
claims are not excepted from the scope of federal employee
immunity granted by the FTCA.  All of Widi's tort claims in this
case arise out of conduct undertaken by individuals in their
capacity as federal employees.  Therefore, the district judge
should dismiss Widi's state law claims, specifically, Claims 1-
17, subpart (C), to the extent that those claims rely on a state
law for the cause of action, as well as Claim 19, which Widi
pleaded as a state law tort claim for lost property.

## IV.  **Lewis and McCoy**

Widi has asserted claims against Public Health Service ("PHS") Officers Kanz Booz Lewis and Lirissia McCoy in their individual capacities.  Under 42 U.S.C. § 233(a), claims for personal injury by commissioned officers of the PHS are limited to the remedies available under the FTCA, 28 U.S.C. §§ 1346(b), 2672.  The immunity provided by § 233(a) precludes Bivens actions against individual officers or employees for harms arising out of the exercise of their PHS functions.  Hui v. Castaneda, 559 U.S. 799, 812-813 (2010).  With respect to Widi's allegations, McCoy and Lewis were acting within their capacity as PHS officers.  See Second Am. Compl. ¶¶ 53-54; see also Lewis Decl. (doc. no. 81-2); Personnel Order (doc. no. 81-3); McCoy Decl. (doc. no. 70-3); Personnel Order (doc. no. 70-4).  All claims against McCoy and Lewis should be dismissed, and those defendants should be dropped from this case.

## V.  **Personal Jurisdiction over Ray Brook Defendants**

### A.  Background

Defendants have twice moved to dismiss Widi's Bivens claims against the Ray Brook defendants (Gluc, Matteau, Gonyea, Hudson, and Salamy), on the basis that this court lacks personal jurisdiction over those defendants, as they reside in New York.  See Mots. Dismiss (doc. nos. 20 and 68).  Plaintiff objected to

10

dismissal of the claims against those defendants (doc. no. 23).

The court denied those motions without ruling on their merits,

because amended pleadings filed by plaintiff rendered those

motions moot.  In the interest of judicial economy, and to

ensure plaintiff could litigate claims against the Ray Brook

defendants in a forum that has jurisdiction over them, this

court considers the personal jurisdiction issue at this time.

    B.   Standard

When personal jurisdiction is contested, the plaintiff

bears the burden of establishing that the court has jurisdiction

over the defendant.  Rodriguez v. Fullerton Tires Corp., 115

F.3d 81, 83 (1st Cir. 1997).  In cases in which an evidentiary

hearing is not held, "'a plaintiff need only to make a prima

facie showing that defendants are subject to personal

jurisdiction.'"  Presby Patent Tr. v. Infiltrator Sys., Inc.,

No. 14-cv-542-JL, 2015 DNH 111, 2015 U.S. Dist. LEXIS 71562 at

*4, 2015 WL 3506517 at *2 (D.N.H. June 3, 2015) (citation

omitted).  "In making a prima facie showing of jurisdiction, a

plaintiff need not, and indeed may not, rely only on the

allegations in the complaint."  Sturm, Ruger & Co. v. Armscor

Precision Int'l, Inc., No. 14-cv-194-SM, 2015 DNH 148, 2015 U.S.

Dist. LEXIS 98324 at *2, 2015 WL 4563005 at *1 (D.N.H. July 28,

2015).  "Rather, he or she must 'adduce evidence of specific

facts' that support jurisdiction." Dagesse v. Plant Hotel N.V.,
113 F. Supp. 2d 211, 215 (D.N.H. 2000) (citation omitted).  In
reviewing the facts, the court takes the plaintiff's evidentiary
proffers as true and construes them in the light most favorable
to the plaintiff's claim, and will also consider uncontradicted
facts proffered by the defendant.  C.W. Downer & Co. v.
Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014).

   This court's inquiry into whether there is personal
jurisdiction over the out-of-state defendants depends on whether
the due process requirements of the United States Constitution
are satisfied.  GE Mobile Water, Inc. v. Red Desert Reclamation,
LLC, No. 13-cv-357-PB, 2014 DNH 49, 2014 U.S. Dist. LEXIS 29565
at *5, 2014 WL 900715 at *2 (D.N.H. Mar. 7, 2014); see also N.
Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005);
Campbell v. CGM, LLC, No. 15-CV-88-JD, 2015 U.S. Dist. LEXIS
94020 at *8, 2015 WL 4424018 at *3 (D.N.H. July 20, 2015).
Generally, a defendant must have "purposefully avail[ed] itself
of the privilege of conducting activities within the forum
State, thus invoking the benefits and protections of its laws"
such that the defendant "should reasonably anticipate being
haled into court there." Burger King Corp. v. Rudzewicz, 471
U.S. 462, 474-75 (1985) (citations and quotation marks omitted).

12

C.   <u>General and Specific Jurisdiction</u>

Personal jurisdiction may be general or specific.  <u>United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1088 (1st Cir. 1992).  Plaintiff here contends that both types of personal jurisdiction exist with respect to the Ray Brook defendants.

As to general jurisdiction, plaintiff argues, without offering evidence, that in their status as BOP employees, the Ray Brook defendants have contact with FCI Berlin staff.  The declarations of the Ray Brook defendants in the record here (doc. nos. 20-18 to 20-22), however, state that none of these defendants has had any personal or business interest in or contacts with New Hampshire.  Plaintiff offers no evidence to dispute those specific averments; his arguments to the contrary are not supported by any evidentiary proffer.  Plaintiff has failed to make the requisite showing that defendants' contacts with FCI Berlin have been sufficiently continuous and systematic to give rise to general personal jurisdiction.  <u>See</u> <u>Hill v. Pugh</u>, 75 F. App'x 715, 719 (10th Cir. 2003); <u>Alba v. Randle</u>, No. 5:10-cv-49(DCB)(RHW), 2011 U.S. Dist. LEXIS 112683 at *5, 2011 WL 4565752 at *2 (S.D. Miss. Sep. 29, 2011); <u>Doe v. Wooten</u>, No. 1:07-CV-2764-RWS, 2009 U.S. Dist. LEXIS 27445 at *7, 2009 WL 900994 at *4 (N.D. Ga. Mar. 30, 2009) (Georgia lacked personal

13

jurisdiction over BOP administrator who routinely designated inmates to BOP facilities in Georgia and routinely communicated with those facilities to effect transfers), aff'd in pertinent part, 376 F. App'x 883, 884 (11th Cir. 2010) (BOP administrator's "contacts with Georgia do not satisfy the minimum contacts analysis necessary for an exercise of personal jurisdiction to comport with due process").

"Specific jurisdiction 'may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" Bunker v. Midstate Mut. Ins. Co., No. 14-cv-274-PB, 2014 DNH 167, 2014 U.S. Dist. LEXIS 109729 at *5, 2014 WL 3891296 at *2 (D.N.H. Aug. 7, 2014) (citation omitted). Three factors guide the analysis of specific jurisdiction – relatedness, purposeful availment, and reasonableness. Id. The relatedness inquiry requires that the underlying claim "arise out of" or be "related to" the activities within the forum state. Id. (citation and quotation marks omitted). Analyzing purposeful availment is necessary "to ensure that the assertion of personal jurisdiction over a defendant is not based on merely random, isolated, or fortuitous contacts with the forum state." Id., 2014 U.S. Dist. LEXIS at *7, 2014 WL 108279 at *3 (citations and quotation marks omitted). The "court may only exercise specific jurisdiction

14

over a defendant if it is reasonable to do so." Id., 2014 U.S. Dist. LEXIS at *12, 2014 WL 108279 at *4.

In response to defendants' motion to dismiss the original complaint against the Ray Brook defendants, Widi filed a declaration, indicating that all of the allegedly retaliatory conduct undertaken by the Ray Brook defendants occurred at FCI Ray Brook, in New York. Additionally, Widi asserts, Widi filed the grievances that he alleges caused the New York defendants to engage in First Amendment retaliation, in New York.

The only connection to New Hampshire described by Widi in his declaration is Widi's statement that Ray Brook defendants Gluc and Matteau said on January 9, 2014, that Widi needed to pack up because he was being transferred to FCI Berlin. The fact that defendants told Widi where he was going, however, does not show that they purposefully availed themselves of the privilege of conducting any business in New Hampshire. Where the essence of Claim 1(A)(i) is that Widi's transfer to a medium security facility, and the manipulation of his custody score, were adverse acts taken in retaliation for Widi's grievances at FCI Ray Brook, Widi has failed to make the requisite prima facie showing to support a finding that those defendants are subject to the personal jurisdiction of this court. In short, it is not reasonable for the court to make those defendants answer in this

case for actions they undertook as federal employees in New York.  Accordingly, the FCI Ray Brook defendants should be dropped from this case, for lack of personal jurisdiction.

## VI.   Severance and Transfer (Claims 1(A)(i) and 1(B)(i))

At an earlier stage of this case, Widi requested that his claims against the FCI Ray Brook defendants be severed and transferred to an appropriate New York forum, in lieu of dismissal, if the court were to find that it lacked personal jurisdiction over those defendants.  See Obj. (doc. no. 23).  In the SAC, Widi pleaded his claims against the five Ray Brook defendants as part of an omnibus pleading asserting dozens of separate claims and subclaims against a multitude of federal defendants.  A transfer of the claims involving the Ray Brook defendants can be effected at this time only if the court severs those claims pursuant to Fed. R. Civ. P. 21, opens a new case against those defendants, and transfers that new action to a different court.

A transfer of all claims involving the Ray Brook defendants is appropriate under the statutes concerning transfers to cure improper venue, 28 U.S.C. § 1406(a), and transfers for the convenience of parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. § 1404(a).  "In cases involving multiple claims and defendants, the plaintiff bears the burden

16

of demonstrating that venue is proper with respect to each claim and each defendant." Get In Shape Franchise, Inc. v. TFL Fishers, LLC, No. CV 15-12997-PBS, 2016 U.S. Dist. LEXIS 30132 at *33-*34, 2016 WL 951107 at *12 (D. Mass. Mar. 9, 2016). For reasons stated above with respect to the lack of personal jurisdiction over the Ray Brook defendants, venue for Claim 1(A)(i) is not proper here. As the Ray Brook defendants reside in New York, and the events giving rise to Claims 1(A)(i) and 1(B)(i) occurred in the Northern District of New York, where FCI Ray Brook is located, venue in that court is proper over both the related Bivens and FTCA claims. See 28 U.S.C. §§ 1391, 1402(b).

Although there may not be an immediate need for a transfer of the Bivens claims in lieu of dismissal to avoid a statute of limitation problem with respect to Claim 1(A)(i), cf. Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987) (statute of limitations on Bivens claims in New York is three years), the statute of limitations on the related FTCA claims may be shorter, and severance and a transfer of both types of claims is in the interest of justice. A transfer, in lieu of dismissal and repleading, would expedite the disposition of a Bivens claim that has been pending since February 2014. Start-up costs and delays associated with refiling would be avoided. Individual

defendants who live in New York would not be unfairly
prejudiced, as they would no longer be required to litigate this
matter out of state, and a transfer would be convenient to any
of their coworkers or FCI Ray Brook inmates who might be
witnesses.  While severance and a transfer of some SAC claims to
a New York court could cause Widi to litigate cases in New York
and New Hampshire at once, that result could follow even if the
Bivens claims were severed and dismissed, as Widi could replead
his Bivens claims in New York.  Widi no longer resides in either
district, as he is currently incarcerated in Louisiana.

In the interest of justice and for the convenience of the
parties and witnesses, in lieu of dismissing the Bivens claims
identified here as Claim 1(A)(i), this court should sever those
claims and the related FTCA claims identified here as Claim
1(B)(i) from this case, open a new case against defendants
Donald Hudson, David Salamy, Jeffrey Gluc, Yancey Matteau, and
Michelle Gonyea, and the United States, and then transfer that
matter to the United States District Court for the Northern
District of New York, in accordance with the procedures set
forth in this R&R's Conclusion.

**VII.** **Retaliation Claims**

    A.    Standard

To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  De minimis reactions to protected speech are not actionable.  See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006).  An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights.  See id.; see also Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009) (false disciplinary charge is de minimis where inmate had non-futile opportunity to defend himself in disciplinary proceedings, and disciplinary report was dismissed).

    B.    Claim 1(A)(vii) and (x)-(xi)

In SAC Claim 1(A)(vii), Widi has alleged that defendant Hayden took away Widi's law library printouts on April 2 in retaliation for Widi's complaints about his mattress, and that

19

Hayden and Tobias told Widi on April 10 that they planned to take away all of his legal materials while Widi was at a surgical consultation, to discourage him from seeking medical treatment, and/or to retaliate for his complaints about prison conditions.  Widi further asserts that he skipped the appointment and followed up by speaking to the clinical director, who assured Widi that he could attend a surgery consultation without fear of retaliation.  In SAC Claims 1(A)(x)-(xi), Widi alleges that defendants took away his food trays on two days in September 2014, and denied him one hour of recreation time on nine occasions in August/September 2014.

All of these allegedly adverse actions are de minimus, as they would not deter an inmate of ordinary firmness from voicing complaints about prison conditions and health care needs, seeking medical attention for a serious medical need, or exercising any other federal right.  Accordingly, Claims 1(A)(vii) and (x)-(xi) should be dismissed.

## VIII. <u>FTCA Exhaustion (Claims 1(B)(vii)(a)&(b), 2-8 subpt. (B))</u>

The limited waiver of sovereign immunity under the FTCA only applies to those claims that were properly presented to the appropriate agency for an administrative remedy.  <u>See</u> 28 U.S.C. § 2675(a).  Although the Supreme Court has held that the FTCA statutes of limitations are not jurisdictional, the Court has

not ruled on whether the exhaustion requirements are jurisdictional.  See Pérez Batres v. Lynch, 796 F.3d 157, 160 n.4 (1st Cir. 2015) (United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632-33 (2015), "did not involve exhaustion").  The longstanding rule in this Circuit is that, to invoke the subject matter jurisdiction of this court over FTCA claims, a plaintiff must demonstrate that he or she exhausted administrative remedies before filing FTCA claims against the United States. See 28 U.S.C. § 2675(a); see also Donahue v. United States, 660 F.3d 523, 524 (1st Cir. 2011); Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003); Roman, 224 F.3d at 27.  The court may not allow a lawsuit asserting FTCA claims to languish on the docket, while a party exhausts his or her administrative remedies.  Vélez-Díaz v. United States, 507 F.3d 717, 717 (1st Cir. 2007).  The district court must therefore dismiss an FTCA claim filed before the plaintiff complied with the FTCA exhaustion requirements, even if the plaintiff amends the complaint after completely exhausting his remedies, as "'[t]he filing of an amended complaint does not cure the defect' of initiating suit prior to a final decision in the administrative remedy process." Patterson v. Potope, No. 4:11-cv-497, 2013 U.S. Dist. LEXIS 46994 at *85, 2013 WL 1314050 at *30 (M.D. Pa. Mar. 28, 2013) (citation omitted).

Defendants moved to dismiss and/or sought summary judgment as to the FTCA claims in the First Amended Complaint, on the ground that Widi had not exhausted his administrative remedies before he filed those FTCA claims.  Defendants demonstrated that Widi named the United States as a defendant to those claims before he had exhausted his FTCA administrative remedies with respect to uses of force on February 21 and 22 and April 24, 2014; the uses of force that caused or contributed to his hernia in February 2014; the removal of his mattress in March/April 2014; and plaintiff's receipt of inadequate medical care before and after his hernia repair.  See Barksdale Decl. (doc. no. 70-13), ¶¶ 6-9 (regarding BOP Tort Claim Nos. TRT-NER-2014-03765, TRT-NER-2014-04278, TRT-NER-2015-01210).  Widi had an opportunity to object to that motion, and to provide this court with evidence showing that he had exhausted his administrative remedies before filing the claims at issue here.  Widi did not take that opportunity.  With respect to Subpart (B) of Claims 2-8 and Claim 1(B)(vii)(a)-(b), the undisputed record shows that Widi did not exhaust his FTCA remedies before he asserted the same claims against the United States in the First Amended Complaint.  Accordingly, the district judge should dismiss those FTCA claims for lack of subject matter jurisdiction.

## IX.  <u>PLRA Exhaustion (Claims 7(A) and 8(A))</u>

Defendants moved to dismiss and/or sought summary judgment on <u>Bivens</u> claims in the First Amended Complaint, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), on the ground that Widi had not exhausted his administrative remedies on those claims before he filed them in this action. Specifically, defendants argued that Widi filed the First Amended Complaint before exhausting his administrative remedies on the retaliation and inadequate medical care claims (Claims 1(A)(vii) and 7(A)), in which Widi alleged that, from March 1 to March 14, 2014, and on April 2, 10, and 15-16, 2014, Widi did not receive adequate treatment for his abdominal pain and hernia, and officers took away a medically necessary mattress and filed disciplinary reports on April 15 and 16, in retaliation for Widi's complaints to prison officials and refusal to relinquish his mattress.  Defendants further argued that Widi filed the First Amended Complaint before exhausting his administrative remedies on his retaliatory cell assignment and excessive force claims, arising from April 23 and 24, 2014, incidents (Claim 8(A)).  This court did not rule on the merits of the PLRA exhaustion issue as to any of those claims, as the court denied as moot defendants' motions, in light of Widi's filing of the SAC.

> Section 1997e(a) mandates that "no action shall be brought [with respect to prison conditions under 42 U.S.C. § 1983 or any other Federal law, by a prisoner] until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a).  This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of suit will not suffice.

Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (citations omitted).

The exhaustion requirement applies to Bivens claims, see, e.g., Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006), and is applicable to actions initially filed in state court, and then removed to federal court.  See, e.g., Silva v. Warden, 150 N.H. 372, 839 A.2d 4 (2003) (applying PLRA to prisoner's state court claims); see also Harris v. Fla. Dep't of Corrs., No. 4:14-cv-575-RH-GRJ, 2015 U.S. Dist. LEXIS 49530 at *1, 2015 WL 1729474 at *1 (N.D. Fla. Apr. 14, 2015) (§ 1997e applied to removal action).  Exhaustion must be completed before the action is filed; a plaintiff cannot avoid the effect of the PLRA by exhausting remedies after filing, then filing an amended complaint to add those claims to a lawsuit.  See Acosta, 445 F.3d at 514; Medina-Claudio, 292 F.3d at 36.

> Allowing an inmate to simply re-plead improperly exhausted claims would encourage circumvention of the PLRA's exhaustion-first rule, undermining one of the two main purposes that exhaustion serves—to "give[] an agency an opportunity to correct its own mistakes . . . before it is haled into federal court and . . . discourage[] disregard

24

of the agency's procedures."  Thus, to the extent Plaintiff
included improperly exhausted claims in his original
Complaint, he cannot subsequently exhaust those claims
during the pendency of this action.  Rather, this Court
must dismiss such claims without prejudice.

Brown v. Warden, No. 2:10-cv-822, 2012 U.S. Dist. LEXIS 115045

at *31, 2012 WL 3527274 at *11 (S.D. Ohio Aug. 15, 2012)

(quoting Woodford v. Ngo, 548 U.S. 81, 89 (2006)), R&R adopted

by No. 2:10-cv-822, 2012 U.S. Dist. LEXIS 128815, 2012 WL

3962817 (S.D. Ohio Sept. 11, 2012).  The appropriate remedy for

failing to exhaust remedies before filing suit is thus dismissal

of unexhausted claims, without prejudice to the plaintiff's

ability to refile them in a new lawsuit after PLRA exhaustion is

completed.  See Acosta, 445 F.3d at 514; Medina-Claudio, 292

F.3d at 36.

Dismissing an action on the basis of an affirmative

defense, such as PLRA exhaustion, is permissible if the facts

alleged in the complaint, or matters susceptible of judicial

notice, conclusively establish the elements of the affirmative

defense.  See Gray v. Evercore Restructuring LLC, 544 F.3d 320,

324 (1st Cir. 2008).  For the Bivens claims that were pleaded in

the First Amended Complaint ("FAC") and then simply reasserted

in the SAC as Claims 7(A) and 8(A), however, the undisputed

record here indicates that Widi did not exhaust his remedies

under the PLRA as to those claims.  See Mastroberti Decl. (doc.

25

no. 70-5), ¶¶ 9-12 (BOP Claim Nos. 775583-F1, 775583-R1, 775583-A1, 775583-A2, as to FAC Claims 11-12); id. at ¶¶ 13-16 (BOP Claim Nos. 778323-F1, 778323-R1, 778323-A1, 778323-A2, as to FAC Claim 13).  Because it is undisputed that Widi did not exhaust his administrative remedies before pleading those Bivens claims in this case in the first instance, and the record suggests no basis upon which the PLRA exhaustion requirements might be excused, the district judge should dismiss those Bivens claims from this case, without prejudice, pursuant to the PLRA.[2]

## X.   Remaining Claims

Except as stated herein, the remaining claims in the SAC may proceed in this case, and the SAC is deemed to be the operative complaint in this action.  The court, in an Order issued this date, has directed service of the SAC upon new defendants, as named in that Order, and has provided all defendants an opportunity to file an answer or other response to the SAC, including motions that may be filed or refiled, in

---

[2]Defendants have not moved to dismiss any of the Bivens claims that are new in the Second Amended Complaint.  The four corners of that pleading do not show whether Widi complied with the PLRA exhaustion requirement before he filed that pleading. Furthermore, this court need not consider whether plaintiff exhausted his PLRA remedies as to Claim 1(A)(vii), as that claim is subject to dismissal for failure to state a claim, as explained in this R&R.

accordance with the November 20, 2015, Order (doc. no. 106).

## Conclusion

For the foregoing reasons, the magistrate judge recommends as follows:

1.   The Second Amended Complaint ("SAC") is deemed to be the operative complaint in this action.  The district judge should dismiss any claims asserted in the original complaint (doc. no. 1-1 and 1-2) or in the First Amended Complaint (doc. no. 21), to the extent they are not repleaded in the SAC, as Claims 1-19, as identified in this R&R.

2.   The district judge should dismiss all claims against the individual defendants named in the SAC, to the extent that they are based on 42 U.S.C. § 1983 or state law, for failure to state a claim.  Specifically, the district judge should dismiss Claim 19 and subparts (C) and (D) of Claims 1-17, as identified in this R&R.

3.   The Bivens claims identified in this R&R as Claims 1(A)(vii) and 1(A)(x)-(xi), should be dismissed for failure to state a claim.

4.   All claims asserted against PHS officers Kanz Booz Lewis and Lirissia McCoy should be dismissed pursuant to 42 U.S.C. § 233(a), for failure to state a claim upon which relief can be granted.

5.   The FTCA claims identified in this R&R as Claims 1(B)(viii)(a)-(b) and as subpart (B) of Claims 2-8 should be dismissed without prejudice for lack of jurisdiction under the FTCA.

6.   The Bivens claims identified in this R&R as Claims 7(A) and 8(A) should be dismissed, without prejudice to refiling in a new action, for Widi's failure to comply with the PLRA exhaustion requirement before filing those claims in this case.

7. The district judge should sever, and then transfer to the Northern District of New York, the <u>Bivens</u> claims identified in this R&R as Claim 1(A)(i), with respect to the FCI Ray Brook defendants, and the related FTCA claim against the United States, Claim 1(B)(i). The clerk's office should open a new case naming Widi as plaintiff and Donald Hudson, David Salamy, Jeffrey Gluc, Yancey Matteau, Michelle Gonyea, and the United States as defendants, using the SAC as the complaint in that case, and also docketing in that new case this R&R; the Order that approves this R&R; the June 24, 2014, R&R (doc. no. 4); the June 24, 2014, Order (doc. no. 5); the July 23, 2014, Order (doc. no. 9); the Dec. 8, 2014, R&R (doc. no. 31); and the Feb. 20, 2015, Order (doc. no. 62). The clerk's office should then transfer that new case to the United States District Court for the Northern District of New York, for that court's disposition of Claims 1(A)(i) and 1(B)(i), as identified in this R&R, in light of matters alleged in SAC ¶¶ 10-14, 89-97, 244-50, and Widi's request for relief at SAC ¶(i), at p.81.

8. The following parties should be dropped from this case, as all claims against them should be dismissed from this action: FCI Ray Brook defendants Donald Hudson, David Salamy, Jeffrey Gluc, Yancey Matteau, and Michelle Gonyea; PHS officers Lirissia McCoy and Kanz Booz Lewis; and FCI Berlin defendants Kathy Bilodeau, R. Brown, B. Cooper, Kristen Croteau, FNU Early, Angelo Giamusso, FNU Hawes, Joshua Hulume, W. Knight, FNU Kuznecow, FNU Napier, S. Paritsky, Kevin Ramsay, and Christopher Thiel. "FNU Barger" should be dropped, as defendant Mark Argir appears to have been substituted for him. The unnamed FCI Berlin corrections officers, listed in the docket as "Does 1-22," should be dropped from the case, and a new set of nine unnamed FCI Berlin corrections officers (identified in the SAC as "Does 1-9") should be added, as Widi has substituted named defendants for the parties previously listed as "Does 1-22."

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15,

21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge

May 2, 2016

cc:  David J. Widi, Jr.
     T. David Plourde, Esq.
     Terry L. Ollila, Esq.