UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

David J. Widi, Jr.,
      Plaintiff

      v.                              Case No. 14-cv-160-SM
                                      Opinion No. 2016 DNH 144
Federal Bureau of Prisons, et al.,
      Defendants

**O R D E R**

Pro se plaintiff, David Widi, Jr., is a federal prisoner who was formerly incarcerated at the Federal Correctional Institution ("FCI") in Ray Brook, New York, and more recently at FCI Berlin, in Berlin, New Hampshire. He is currently incarcerated at FCI Pollock, in Pollock, Louisiana. Widi brings this action seeking declaratory and injunctive relief, as well as monetary damages, for numerous injuries and slights he claims to have suffered while he was incarcerated at both FCI Ray Brook and FCI Berlin.

Widi's Second Amended Complaint (document no. 105) spans nearly ninety pages, includes more than 480 numbered paragraphs, and advances a panoply of constitutional, statutory, and common law claims against more than 80 defendants. Pending before the court is the Magistrate Judge's Report and Recommendation, in which she has conducted a preliminary review of Widi's Second

1

Amended Complaint, attempted to bring some order and organization to Widi's pleading, and sought to decipher the precise nature (and viability) of Widi's claims.  Many of the nineteen "counts" in Widi's second amended complaint advance several distinct legal claims.  Generally speaking, the Magistrate Judge has, where possible, broken down each of those counts into four constituent parts, with lettered sections describing the legal nature of the claim advanced.  That is, section (A) of those counts are brought as <u>Biven</u> actions; section (B) are claims under the FTCA; section (C) are claims pursuant to 42 U.S.C. § 1983; and section (D) are state common law claims.  Perhaps not surprisingly, several of Widi's claims have numerous subsections as well - hence, the somewhat complex numbering system employed by the Magistrate Judge.

After due consideration of Widi's objection (document no. 141), as well as his reply memorandum (document no. 147), I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated May 2, 2016 (document no. 119), with one minor exception, as noted below.  Accordingly:

> 1.  Widi's Second Amended Complaint (document no. 105) shall be the operative complaint in this proceeding.  All claims advanced in Widi's original Complaint (document no. 1) and/or his First Amended Complaint (document no. 21) are dismissed to the extent

2

they were not repeated in the second amended complaint as counts 1 through 19.

    2.   <u>Bivens claims</u>. The Bivens claims in the Second Amended Complaint and identified in the Report and Recommendation as Claims 1(A)(vii) and 1(A)(x)-(xi) are dismissed for failure to state a claim.

    The Bivens claims identified in the Report and Recommendation as Claim 8(A), as well as that portion of Claim 7(A) relating to the alleged deprivation of a mattress, are dismissed, without prejudice, for Widi's failure to comply with the PLRA's exhaustion requirement.

    3.   <u>FTCA claims</u>. Widi's claims under the Federal Tort Claims Act ("FTCA") - that is, Claims 1(B)(vii)(a)-(b) and subpart (B) of claims 2-8 - are dismissed, without prejudice, for lack of jurisdiction under the FTCA.[1]

    4.   <u>Common Law and Section 1983 Claims</u>. All claims advanced in the Second Amended Complaint pursuant to state common law and 42 U.S.C. § 1983 are dismissed for failure to state a claim. As identified by the Magistrate Judge, those are subparts (C) and (D) of claims 1-17, as well as Claim 19 in its entirety.

    5.   <u>Individual Defendants</u>. All claims asserted against Public Health Service Officers Kans Booz Lewis and Lirissa McCoy are dismissed for failure to state a claim.

    All claims against the following defendants are also dismissed: FCI Berlin defendants Kathy Bilodeau, R. Brown, B. Cooper, Kristen Croteau, FNU Early, Angelo Giamusso, FNU Hawes, Joshua Hulume, W. Knight, FNU Kuznecow, FNU Napier, S. Paritsky, Kevin Ramsay, and Christopher Thiel.

---

[1] In the body of the Report and Recommendation, the Magistrate Judge recommends dismissal of, <u>inter alia</u>, Claims 1(B)(<u>vii</u>)(a)-(b). <u>Id.</u> at 20 and 22. In her conclusion, however, the Magistrate Judge references Claim 1(B)(<u>viii</u>)(a)-(b). Absent argument to the contrary by any of the parties, the court has assumed that the latter is simply a typographical error.

      "FNU Barger" is hereby dismissed from the case, as Widi appears to have substituted defendant Mark Argir for him.  The unnamed FCI Berlin corrections officers, listed in the docket as "Does 1-22," are hereby dismissed from the case, as Widi has substituted named defendants for the parties previously listed as "Does 1-22."  A new set of nine unnamed FCI Berlin corrections officers (identified in the Second Amended Complaint as "Does 1-9") shall be added to the case.

    6.   The <u>Bivens</u> claims and the related FTCA claims against the so-called Ray Brook defendants (Donald Hudson, David Salamy, Jeffrey Gluc, Yancey Matteau, Michell Gonyea, and the United States) and identified by the Magistrate Judge as Claims 1(A)(i) and 1(B)(i) are hereby transferred to the United States District Court for the Northern District of New York.

Finally, as noted by the government in its response (document no. 138), defendants have not moved to dismiss that portion of Claim 7(A) of the Second Amended Complaint relating to the deliberate indifference claims arising from the alleged failure to diagnose and/or adequately treat Widi's hernia; they have only sought, and hereby obtained, dismissal of Widi's deliberate indifference claims against defendants Knight, Teale, Hulume, Malcolm, Dzubak, Kuzencow, and Tobias arising from Widi's alleged deprivation of a mattress.  Accordingly, Widi's deliberate indifference claim relating to the diagnosis and treatment of his hernia, as set forth in Claim 7(A) of the Second Amended Complaint, remains and the court does not accept the portion of the Report and Recommendation recommending dismissal of that claim.  In all other respects, however, the court adopts and approves the

Magistrate Judge's Report and Recommendation dated May 2, 2016 (document no. 119).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 19, 2016

cc: David J. Widi, Jr., pro se
T. David Plourde, Esq.
Terry L. Ollila, Esq.

5